IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**GENE GALES, JR.**                                                                                              **PLAINTIFF**

v.                                                                          CIVIL ACTION NO. 1:23-cv-167-TBM-RPM

**BURL CAIN,** *et al.*                                                                                        **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on submission of the Report and Recommendation [43] entered by United States Magistrate Judge Robert P. Myers on January 17, 2025. Judge Myers recommends that Plaintiff Gene Gales, Jr.'s Motion for Temporary Restraining Order [28] be denied without prejudice as moot. The Court finds that the Report and Recommendation [43] should be adopted and Gales' Objection [47] and his Supplemental Objection [50] should be overruled.

### I. STANDARD OF REVIEW

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, *2 (S.D. Miss. Aug. 27, 2015) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review[.]" *Id.* When a *de novo* review is not warranted, the Court need only review

the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## II. ANALYSIS AND DISCUSSION

In the Report and Recommendation, Judge Myers explained that Gales was housed at the South Mississippi Correctional Institution ("SMCI") when he filed his Complaint in July of 2023 and that he was moved to Wilkinson County Correctional Facility ("WCCF") later that month. When the Report and Recommendation was filed on January 17, 2025, Gales was housed at the George/Greene County Correctional Facility ("GGCCF"). As a result, Judge Myers found Gale's primary request for injunctive relief—to be transferred away from SMCI—is moot. In making this finding, Judge Myers explained that "for Plaintiff's claims for injunctive relief to remain viable, he must establish a demonstrated probability or a reasonable expectation that he will be transferred back to [SMCI]." [43], p. 8 (citations omitted). Judge Myers found that Gales "has made no such showing." *Id*. Gales now objects to this finding.

In his hand-written Objection, which this Court interprets to the best of its ability, Gales argues:

> On page (8) eight this Court has a misconception about plaintiff not making any showing that he was transferred back to SMCI on July 24, 2024. Plaintiff notified this Court in his previous motion that he had been transferred from Wilkinson County back to S.M.C.I. even after Defendants had filed a sworn affidavit stating that Superintendent Hoffman has placed an alert in the system to prevent plaintiff from being housed at S.M.C.I.

[47], pps. 2, 4. It appears that Gales' position is that his transfer back to SMCI on July 24, 2024, saves his request for injunctive relief from a finding of mootness. But his Objection is unclear and unspecific as to the circumstances surrounding this alleged transfer.

For example, apart from asserting that he was transferred back to SMCI "on July 24, 2024," he fails to show how long he allegedly remained at SMCI. He does not assert that he was at SMCI for a few hours or even a few days. [47], p. 2. Indeed, Gales provides no allegations—and certainly no evidence—that he remained at SMCI after July 24, 2024, at all. Thus, according to the plain language of his Objection, Gales was apparently located at SMCI for some period of time *on* July 24, 2024. And while Gales purports to have informed the Court of this alleged transfer, there is no such evidence in the record—much less evidence that he informed the Court prior to the filing of the Report and Recommendation. To be sure, none of his pleadings discuss or otherwise inform the Court about this alleged notification either.

Additionally, apart from his conclusory allegation, there is no evidence in the record that Gales returned to SMCI at any point after his initial transfer in 2023. In fact, as acknowledged by Gales, the Superintendent of SMCI, Brand Huffman, filed a sworn affidavit [33] on July 2, 2024, confirming that SMCI was "able to place an alert in our system to prevent Offender Gales from being transferred to SMCI." [33], p. 2. The Superintendent also attested that SMCI's "systems do not indicate that Offender Gales will be transferred from WCCF back to SMCI." [33], p. 2. This is further supported by the fact that on July 15, 2024, Gales filed a Motion for Time [34], and the envelope [34-1] reveals that he was housed at WCCF. And on August 27, 2024, his Reply [35] in support of his Motion for Temporary Restraining Order shows Gales was housed at GGCCF. [35-6]. Since July of 2024, none of Gales' correspondence to this Court has come from SMCI. Indeed, his most recent correspondence reveals that he is housed at Central Mississippi Correctional Facility. [49-1].[1]

---

[1] As of the date of this Opinion, Gales is still housed at Central Mississippi Correctional Facility. https://www.ms.gov/mdoc/inmate/Search/GetDetails/90619 (last accessed Mar. 27, 2025).

3

Finally, Gales claims to have attached documentation to his Objection showing "that on July 24, 2024 the plaintiff was housed at SMCI Area 1—the same unit and zone where the gang member verbally told the officials that if they put me back in that zone they were going to kill me." [47], pps, 2, 4. But none of the exhibits attached to his Objection show that he was transferred back to SMCI in July of 2024. *See* [47-1]; [47-2]. Instead, the exhibits include copies of Mississippi Code § 97-17-41 detailing the crime of grand larceny for which he was convicted, the police report from his grand larceny arrest, his April 2016 bond certificate, the grand larceny indictment and arrest warrant, and copies of pleadings Gales filed in his state court criminal action. *Id.*[2]

Thus, apart from a conclusory allegation that he was "transferred back to SMCI on July 24, 2024," Gales does not offer any new argument to support his original request or any evidence to establish that Judge Myers' analysis and conclusions were incorrect. [47], p. 2. In fact, even if he were transferred back to SMCI on July 24, 2024, Gales does not allege that he is currently housed there. And as articulated in the Report and Recommendation, the Court cannot order Gales to be transferred out of a facility from which he is not currently located.[3]

For these reasons, a *de novo* review of Gales' Objection is unnecessary. *Glidden v. Sparkman*, No. 1:12-cv-62-LG, 2012 WL 2577523, *1 (S.D. Miss. Jul. 3, 2012). The Court has instead reviewed

---

[2] Two weeks after filing his Objection [47] to the Report and Recommendation, Gales filed a Supplemental Objection [50] without leave of Court. Through this Supplemental Objection, Gales "attempt[s] to clarify the exhibits that [have] previously been filed with the plaintiff's response to the court's Report and Recommendation." [50], p. 2. Rather than explaining how these documents support his position that he was transferred back to SMCI on July 24, 2024, however, Gales instead argues that "[t]he documents reflect[] that the plaintiff was wrongfully convicted and given an illegal sentence by state authorities in an illegal court proceeding in Forrest County, MS." *Id*. Because his Supplemental Objection does not relate to his Motion for Temporary Restraining Order [28] or the findings within the Report and Recommendation, Gales' Supplemental Objection [50] is overruled.

[3] If, however, Gales is transferred back to SMCI at some point in the future, and he is "subjected to actions he believes entitle him to a preliminary injunction, he may move at that time for injunctive relief." [43], p. 9 (citation omitted).

the Report and Recommendation and finds it is neither clearly erroneous nor contrary to law. *Wilson*, 864 F.2d at 1221. It will therefore be adopted as the findings and conclusions of this Court.

Even if this Court were to conduct a *de novo* review of the record, Gales' Objection would nevertheless be overruled, and the Report and Recommendation would be adopted as the opinion of the Court given that Judge Myers appropriately applied the law to the facts in this case. *Raddatz*, 447 U.S. at 675.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Report and Recommendation [43] entered by United States Magistrate Judge Robert P. Myers on January 17, 2025, is ADOPTED as the opinion of this Court.

IT IS FURTHER ORDERED AND ADJUDGED that Gene Gales, Jr.'s Objection [47] and his Supplemental Objection [50] are OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that Gene Gales, Jr.'s Motion for Temporary Restraining Order [28] is DENIED WITHOUT PREJUDICE as moot.

This, the 27th day of March, 2025.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE