IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **GENE GALES, JR.** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO.: 1:23-cv-00167-RPM** |
| **BURL CAIN, et al.** | **DEFENDANTS** |

## ORDER OF DISMISSAL

Inmate Plaintiff Gene Gales, Jr., filed this lawsuit more than three years ago, raising claims under 42 U.S.C. § 1983 against Defendants Burl Cain, Kimberly Green, Antron Ellis, Evon Henderson, James Wilkins, Joshua Sharp, Danielle Beachler, and Unknown Warden. For the following reasons, the Court finds that this case should be dismissed with prejudice for failure to obey the Court's orders and to prosecute.

### I. BACKGROUND

This case has a tortured history of Plaintiff's own making. On September 18, 2025, some of Plaintiff's claims survived summary judgment. [68] at 25. Magistrate Judge Bradley W. Rath conducted a settlement conference on November 13, 2025, but the parties were unable to reach an agreement. (Minute Entry, Nov. 13, 2025). As the case was in a trial posture, the Court convened a pretrial conference on December 15, 2025, and the matter was set for trial on February 2, 2026. *See* [68] at 25.

At the pretrial conference, Plaintiff moved *ore tenus* "to continue the trial of this case until he is released from prison." [78] at 1. Plaintiff argued that he could not presently afford a lawyer because of his incarcerated status, that he could not afford to subpoena witnesses in his favor for the same reason, and that he would like to undergo a medical examination by a free-world physician to better his chances of success at trial. *Id*. Given Plaintiff's persuasive reasoning, the

Court granted his Motion to Continue Case on December 16, 2025, staying the case "until Plaintiff is released from the custody of the Mississippi Department of Corrections." *Id*. at 2. The case was administratively closed for statistical purposes during the stay, and Plaintiff was directed "to file a motion to reopen this case within 60 days of the date of his release if he intends to pursue these claims." *Id*. Plaintiff was reminded that it is his responsibility "to keep the Clerk of Court advised of his mailing address." *Id*.

Plaintiff moved [79] to reopen this case less than three months later, despite being "still incarcerated." [81] at 2. Yet the Court construed his motion "as requesting (1) an expansion of the triable claims . . . , and (2) a hearing on whether [the new] issue is triable." *Id*. at 2-3. It did not appear that Plaintiff was "request[ing] an immediate trial of this matter." *Id*. at 3. Accordingly, the Court expanded the triable issues to include "Plaintiff's claim that unprotected formaldehyde exposure created severe breathing issues," but declined to set the matter for a hearing at that time. *Id*. at 5.

Apparently anxious for his day in Court, on May 5, 2026, Plaintiff again requested [83] that the Court reopen this case. The Court held a hearing on the Motion [83] to Reopen Case on August 27, 2026, and reopened the case [98] on October 19, 2026. That same day, the Court set this matter for a status conference on November 4, 2026. The Order Setting Status Conference [99] was mailed to Plaintiff at his last-known mailing address, but it was returned to the Court as undeliverable on November 2, 2026. [102] at 1. Plaintiff has not notified the Court about a change of address—despite being warned at least ten times that his failure to comply with the Court's orders or to advise the Court about a change of address may result in the dismissal of this case. *E.g.*, [1-5] at 1; [2] at 2; [7] at 2; [10] at 2; [14] at 2; [16] at 2-3; [20] at 1; [24] at 2; [78] at 2; [99] at 1. Those warnings included a specific caution that "[i]t is Plaintiff's responsibility to prosecute

this case." [16] at 2. Regardless, Plaintiff has not communicated with the Court about this lawsuit since the motion hearing on August 27, 2026, and the Court has not been able to locate his current mailing or physical address—despite independent research. Worse still, the Mississippi Department of Corrections website indicates that Plaintiff has been paroled from custody long enough to have absconded from post-release supervision. *See* Parolee Details, Gene Gales, *available at* https://www.mdoc.ms.gov/parolee_search/getDetails/90619 (last accessed Nov. 4, 2026).[1]

On November 4, 2026, the Court came to order at the appointed time and in the appointed location and announced the status conference. Plaintiff's name was called inside the courtroom three times without a response. Plaintiff's name was then called in the hallway outside the courtroom three times, again without a response. And court security personnel confirmed that Plaintiff had not passed through the security checkpoint at the courthouse to enter the building.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 41(b), the Court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to obey the Court's orders and to diligently prosecute his claims. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Id.* at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (per curiam)

[1] The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

(affirming *sua sponte* dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (per curiam) (same). As Plaintiff has failed to prosecute this matter for more than three months, including his failure to comply with the Court's orders and his failure to appear for the duly noticed status conference, "Rule 41(b) dismissal is appropriate." *See Baur v. Hartford Ins. Co.*, No. 2:23-cv-00169-KS-MTP, 2024 WL 5399709, at *1 (S.D. Miss. Nov. 25, 2024), *report and recommendation adopted by*, 2024 WL 5399708, at *1 (S.D. Miss. Dec. 18, 2024).

The Court finds that this matter should be dismissed *with prejudice* under the Fifth Circuit's prevailing standards. "Dismissal with prejudice for failure to prosecute is appropriate when '(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.'" *Williams v. S&S Mgmt. Grp., LLC*, No. 3:21-cv-00149-DPJ-FKB, 2021 WL 7286021, at *1 (S.D. Miss. May 27, 2021) (quoting *Raymond v. Univ. of Hous.*, 275 F. App'x 448, 449 (5th Cir. 2008) (per curiam)). "Most of the cases affirming dismissals with prejudice have involved the presence of one or more of three aggravating factors: (1) delay attributable to the plaintiff . . . ; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct." *Id.* (quotations and first brackets omitted).

This matter calls for the "extreme sanction" of dismissal with prejudice. *See Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quotation omitted). Plaintiff repeatedly insisted that this case proceed to trial, yet he failed to appear as the Court honored his request. His release from custody provides no excuse, as Plaintiff was warned multiple times before his release that it is his responsibility to keep the Clerk of Court advised of his current mailing address. Plaintiff demonstrated his understanding of that directive by formally changing his mailing address

multiple times during this litigation, [3] at 1; [44] at 1, so his current failure to heed that warning demonstrates that lesser sanctions would not prompt diligent prosecution. *See Mayton v. Casas*, 857 F. App'x 794, 797 (5th Cir. 2021) (noting that a "repeated violation of court orders—even after learning that noncompliance might result in dismissal—suggests that a sanction short of dismissal would not . . . [serve] the interest of justice").

Moreover, all the aggravating factors announced in *Williams* exist here. The failure to prosecute and comply with the Court's orders is directly attributable to Plaintiff's intentional, dilatory conduct, and the Court finds that Defendants would suffer undue prejudice by any further delay of the resolution of this matter. Dismissal with prejudice is warranted. *E.g.*, *Bourne v. Forrest Cnty.*, No. 2:21-cv-00127-HSO-RHWR, 2022 WL 4287654, at *2 (S.D. Miss. June 6, 2022), *report and recommendation adopted by*, 2022 WL 3154200, at *2 (S.D. Miss. Aug. 8, 2022); *Logan v. Fisher*, No. 1:17-cv-00029-HSO-JCG, 2019 WL 491345, at *2 (S.D. Miss. Jan. 3, 2019), *report and recommendation adopted by*, 2019 WL 486196, at *2 (S.D. Miss. Feb. 7, 2019); *Blakney v. Comm'r of Soc. Sec.*, No. 1:12-cv-00169-LG-JMR, 2013 WL 6796552, at *2 (S.D. Miss. Dec. 20, 2013).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITH PREJUDICE** for failure to obey the Court's orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED,** this 4th day of November, 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE